## JESSE GIBSON *vs.* EDWIN P. GROSVENOR.

A promissory note is not taken out of the statute of limitations by a letter from the maker to the holder, not referring to the note otherwise than by the following words: " My brother says you are intending to send to me. As I do not recollect the date or the amount of the indorsements, I would thank you to send me a statement of it. I have been expecting to visit you for some time past. After hearing from you, if I should not be able to visit you soon, I will write again."

ACTION OF CONTRACT, commenced on the 9th of May 1854, on a promissory note, dated Pelham, January 23d 1844, and payable to the plaintiff on demand, on the back of which were several indorsements in the plaintiff's handwriting, the last of which bore date of the 26th of April 1845. Answer, the statute of limitations.

On the 1st of September 1853, the defendant wrote and sent by mail to the plaintiff the following letter : " Newburyport, Sept. 1st 1853. Esq. Gibson, Dear Sir, I have but just received a letter from my brother (it having been nearly a fortnight on its way) in which he says you are intending to send to me. As I do not recollect the date or the amount of the indorsements, I would thank you to send me a statement of it. I have been expecting to visit Pelham for some time past, but professional engagements have constantly prevented. After hearing from you, if I should not be able to visit you soon, I will write again. Kind regards to Mrs. Gibson and family. In haste, respectfully yours. E. P. Grosvenor."

The parties submitted the case above stated to the judgment of the court.

*A. F. L. Norris,* for the plaintiff. The letter is sufficient to take the note out of the statute of limitations. It admits the existence of a debt, created by instrument in writing, with a date and indorsements, and which the whole language of the letter shows to have been a debt due from the defendant to the plaintiff, and one which the defendant was willing to pay. In the absence of evidence of the existence of any other debt, the note sued upon is to be presumed to be the debt referred to ; for direct and positive words are not required, if a promise can

fairly be inferred from the facts proved. *Whitney* v. *Bigelow*, 4 Pick. 112. *Bailey* v. *Crane*, 21 Pick. 323. *Barnard* v. *Bartholomew*, 22 Pick. 291. 2 Greenl. Ev. § 441. The Rev. Sts. *c.* 120, § 13, requiring the acknowledgment or promise to be in writing, were not intended to change the amount or kind of proof required, in other respects.

*J. G. Abbott*, for the defendant. The letter does not show that it refers to this note at all. But if it does, it is a mere inquiry as to its date, and the amount of indorsements, and carefully abstains from acknowledging it as an existing debt, or promising to pay it; and is by no means sufficiently certain and explicit to amount to a waiver of the statute of limitations. *Fiske* v. *Needham*, 11 Mass. 452. *Bangs* v. *Hall*, 2 Pick. 368. *Mumford* v. *Freeman*, 8 Met. 432. *Russell* v. *Copp*, 5 N. H. 154. *Ventris* v. *Shaw*, 14 N. H. 422. *Deshon* v. *Eaton*, 4 Greenl. 413. *Bell* v. *Morrison*, 1 Pet. 362. *Bicknell* v. *Keppel*, 1 New Rep. 20. *Harris* v. *Wall*, 1 Exch. 122.

BY THE COURT.                    *Judgment for the defendant.*

---

ELIZABETH H. RUSSELL & others *vs.* HORN POND BRANCH RAILROAD CORPORATION.

One residing and owning land within half a mile of land taken for a railroad, and who testifies that he has known the land for six years, and has heard of sales of land in the vicinity, may testify to his opinion of the value of the land taken, upon a hearing of the petition of the owner for an assessment of his damages.

PETITION for a jury to assess the damages by the taking of land for the construction of a railroad. A trial was had before the sheriff, who certified to the court of common pleas this ruling:

" The petitioners called Stillman S. Porter as a witness, who testified that he was a farmer, and lived and owned land within half a mile of the land in question; that he had known said land taken for the railroad, for six years past, and that there had been sales of land in the vicinity; that he did not know of these