FREDERICK STOCKER, administrator, *vs.* BOSTON MUTUAL
LIFE ASSOCIATION.

Suffolk.    November 10, 1897. — January 11, 1898.

Present: ALLEN, KNOWLTON, LATHROP, & BARKER, JJ.

*Assessment Insurance — Misrepresentation — Statute.*

The provisions of section 21 of St. 1887, c. 214, that no misrepresentation by the
assured shall avoid the policy or prevent its attaching, unless made with actual
intent to deceive, or unless the matter misrepresented increases the risk of loss,
applies to an insurance company incorporated under St. 1890, c. 421, entitled
" An Act relating to assessment insurance."

CONTRACT, upon a policy of insurance for $5,000, issued by
the defendant on the life of Frederick Stocker, son of the plain-
tiff, and payable to his executors or administrators.   In April,
1894, the insured ceased to pay his assessments, and the policy
lapsed, and so remained until February 19, 1895, when, upon
application and certain representations and warranties by the
assured, he was reinstated.   The defendant was incorporated
under the St. of 1890, c. 421, entitled " An Act relating to
assessment insurance."

At the trial in the Superior Court, before *Maynard*, J., the
defendant requested instructions to the effect that an untrue
answer, whether intentional or not, forfeited the insurance, and
defeated the right of the plaintiff to recover.

The judge refused so to rule, and instructed the jury that if
they found in the matters specified that the insured had made
false representations or warranties, such false representations or
warranties would not defeat the plaintiff's right to recover unless
the defendant satisfied the jury by a fair preponderance of testi-
mony that such misrepresentations or warranties were made with
actual intent to deceive, or that the matter misrepresented in-
creased the risk; and the defendant excepted.

The jury returned a verdict for the plaintiff; and the defend-
ant alleged exceptions.

*W. H. Niles & J. H. Albin* (of New Hampshire), for the
defendant.

*H. R. Bailey*, for the plaintiff.

LATHROP, J.  The question in this case is whether § 21 of the St. of 1887, c. 214, applies to an assessment insurance company incorporated under the St. of 1890, c. 421.

Section 21 reads as follows: "No oral or written misrepresentation made in the negotiation of a contract or policy of insurance, by the assured or in his behalf, shall be deemed material or defeat or avoid the policy or prevent its attaching, unless such misrepresentation is made with actual intent to deceive, or unless the matter misrepresented increased the risk of loss."

The question now before the court was not raised in *Rainger* v. *Boston Life Association,* 167 Mass. 109, nor was it passed upon in other cases in which this section has been construed. *Durkee* v. *India Ins. Co.* 159 Mass. 514. *White* v. *Provident Assurance Society,* 163 Mass. 108. *Levie* v. *Metropolitan Ins. Co.* 163 Mass. 117. *Hogan* v. *Metropolitan Ins. Co.* 164 Mass. 448.

The provisions of § 21 of the St. of 1887, c. 214, are first found in the St. of 1878, c. 157, which was re-enacted in the Pub. Sts. c. 119, § 181. Statutes passed since the St. of 1887, are the Sts. of 1894, c. 522, § 21, and 1895, cc. 271, 281.

Beneficiary corporations were first authorized to do a limited life insurance business by the St. of 1877, c. 204, but it was provided by § 2, "The provisions of the general laws relating to life insurance companies shall not be held to be applicable to such beneficiary corporations." A similar provision is to be found in the St. of 1880, c. 196, § 4. This provision was re-enacted in the Pub. Sts. c. 115, § 10.

While beneficiary corporations were authorized by the statutes above referred to to insure the lives of their members, the first recognition of corporations doing a general business of life insurance on the assessment plan is found in the St. of 1885, c. 183. Section 13 of this act, after providing for returns to the insurance commissioner, and giving him the power of visitation and examination into the affairs of any such corporation, conferred upon him in the case of life insurance companies by the Pub. Sts. c. 119, (the general insurance act,) concludes as follows: "Provided always, that nothing herein contained shall subject any corporation doing business under this act to any other provisions or requirements of said chapter one hundred and nineteen, except as distinctly set forth therein."

The St. of 1887, c. 214, entitled " An Act to amend and codify the statutes relating to insurance," by § 2 exempts from the provisions of the act corporations formed under the Pub. Sts. c. 115, and corresponding statutes, and companies formed under or subject to the St. of 1885, c. 183. If, therefore, the defendant had been organized under the St. of 1885, it would not be subject to the provisions of § 21 of the St. of 1887, c. 214. The defendant, however, was organized under the St. of 1890, c. 421, which is a re-enactment, with some changes, of the St. of 1885, c. 183. The question is as to the construction to be given to § 27 of the St. of 1890, c. 421. This section reads as follows: " The provisions of chapter two hundred and fourteen of the acts of the year eighteen hundred and eighty-seven shall not apply to corporations organized under or transacting business in conformity to this act; but except as specifically provided herein, and in the chapter defining the rights and privileges of fraternal beneficiary corporations, all insurance or benefit contracts within the Commonwealth, or with residents thereof, shall be conducted in accordance with the provisions and subject to the limitations of chapter two hundred and fourteen of the acts of the year one thousand eight hundred and eighty-seven." The latter part of this section must be held to qualify and limit the general words contained in the first part, and the act contains no specific provision touching the subject.

While the requirements of many of the provisions of the general statute relating to insurance differ from those relating to assessment insurance, there are some provisions of the general statute which might well be applied to assessment insurance, and we are of opinion that it was the intent of the Legislature, by the language used, to incorporate into this chapter all such general provisions as were not repugnant to the express provisions of the act.

It is however contended by the defendant that the Legislature, by the St. of 1894, c. 522, has manifested its intention to keep assessment insurance companies and fraternal beneficiary associations apart from other insurance companies. This statute is entitled " An Act to amend and codify the statutes relating to insurance."

Section 21 is the same as § 21 of the St. of 1887, c. 214.

Section 2 provides that all insurance companies, except corporations formed under or subject to the St. of 1894, c. 367, (relating to fraternal beneficiary organizations,) and except companies formed under or subject to the St. of 1890, c. 421, (relating to assessment insurance companies,) and acts amendatory thereof, " may exercise the powers and shall be subject to the duties and liabilities provided by this act." This statute, while repealing by § 112 all inconsistent acts and parts of acts, expressly provides: " The provisions of this act, so far as they are the same as those of existing laws, shall be construed as a continuation of such laws, and not as new enactments."

It seems to us that this statute, which is a general insurance act, does not in any way affect the provisions of the St. of 1890, c. 421 ; and that the provisions of the St. of 1887, c. 214, so far as they are incorporated in it by § 27, are not repealed.

It was held by this court in February, 1895, in construing the Sts. of 1887, c. 214, § 21, and of 1894, c. 522, § 21, that the word " misrepresentation " included a " warranty " if made in negotiating a contract of insurance or policy. *White* v. *Provident Savings Assurance Co.* 163 Mass. 108. *Levie* v. *Metropolitan Ins. Co.* 163 Mass. 117. And in April of the same year the Legislature passed an act in conformity with these decisions. St. 1895, c. 271, § 1.

By the St. of 1895, c. 281, fraternal beneficiary associations have been put on the same footing as ordinary life insurance companies, so far as misrepresentations and warranties are concerned.

The tendency of our legislation is thus shown to be in conformity with the view of the law which we have taken in this case ; and, while we do not rely upon this fact, we do not find anything in the legislation subsequently to the statutes which it is necessary for us to construe in this case to make us doubt as to the result we have reached. There is no reason of public policy why the broad and beneficial rule of § 21 of the St. of 1887, c. 214, should not apply to benefit assessment corporations.

The rulings of the court below were, therefore, right.

*Exceptions overruled.*