ANNIE ABRAHAM vs. MUTUAL RESERVE FUND LIFE
ASSOCIATION.

Suffolk.     December 10, 1902. — February 27, 1903.

Present: KNOWLTON, C. J., MORTON, LATHROP, BARKER, & HAMMOND, JJ.

*Insurance, Life. Estoppel. Evidence,* Presumptions and burden of proof. *Contract,* Validity.

In an action on a policy of life insurance the plaintiff may introduce evidence to show that a statement in the proof of death, that the assured had pleurisy about eight years before, was a mistake and not true, although the mistake first was made known to the insurer at the trial.

In an action on a policy of insurance entered into here by a foreign insurance company through its agent doing business in this Commonwealth, it will be presumed that the defendant was doing business here lawfully, unless the contrary appears. The burden is on the insurance company, if it relies on illegality, to show it as an affirmative defence.

CONTRACT on a policy of insurance on the life of George S. Abraham of Medford.     Writ dated March 22, 1901.

At the trial in the Superior Court before *Sherman*, J., it appeared, that the policy was dated February 14, 1900, and that the assured died on November 14 of the same year from tubercular peritonitis which began in the previous April. The defence relied on was that the insured in his application concealed material facts, amounting to a breach of warranty and making the contract void. This defence was founded on the contention that eight years before his application the insured had pleurisy, as stated in the proofs of loss, and that the plaintiff could not be allowed to contradict this statement. The judge against the objection of the defendant admitted evidence tending to contradict the statement.

In the proofs of loss the sworn statement of the plaintiff came first. To the question "State remote cause of death" she answered " As certified by physician in his oath." The attending physician in his sworn statement gave as the remote cause of death " pleurisy eight years ago," and a specialist called in as consulting physician answered the same question " acute pleurisy eight years ago."

The plaintiff testified : " At the time I filled out this statement of the proof of death which I sent to the company, no one was with me. No papers had been filled out. I filled out mine first and then sent it around to each one that had to fill it out. I did not afterwards read the proofs of death furnished by the physician. I did n't read any paper that was filled out except my own. . . . I alluded to the doctor. I referred him to the doctor ; that the doctor could tell him better than I could about it. I supposed the doctor would tell what he knew and not what he did n't know."

The judge refused to rule, as requested by the defendant, that upon all the evidence the plaintiff was not entitled to recover, and submitted the case to the jury with special questions. To the question " Did the insured have pleurisy about eight years before his death ? " the jury answered " No." To the question " Was the insured in good health at the time the policy was issued, February 14, 1900 ? " the jury answered " Yes."

The jury returned a general verdict for the plaintiff in the sum of $535; and the defendant alleged exceptions.

*V. J. Loring,* (*J. H. McDonough* with him,) for the defendant.

*J. Noble, Jr.,* (*P. H. Ball* with him,) for the plaintiff.

LATHROP, J.   1. The principal question in this case is whether evidence is admissible to explain the statement in the proofs of death, when the defendant has not been notified before the trial of the fact that the statement was erroneous.   We do not see how this case can be distinguished from *Hogan* v. *Metropolitan Life Ins. Co.* 164 Mass. 448, where such evidence was held to be admissible.   The defendant in that case, as in this, relied upon the case of *Campbell* v. *Charter Oak Ins. Co.* 10 Allen, 213, in which it is said that corrections of mistakes in proofs of death " are not for the first time to be made known to the insurers at the trial of the action to recover for the loss, by the introduction of evidence showing that the statements filed were not true in a material fact, which, if it existed as stated, was fatal to the right of the insured to recover."   The court in its opinion, after stating that *Campbell* v. *Charter Oak Ins. Co.* had not been generally followed in other jurisdictions, said : " In this Commonwealth it has never been treated as enunciating a doctrine of universal application, nor extended to facts differing from its own."   The case was finally decided on the ground that if the statements in the application were warranties, the St. of 1887, c. 214, § 21, re-enacted in the St. of 1894, c. 522, § 21, applied, and that falsity of statement would be a defence only if the matter misrepresented increased the risk, or if the statement was made with intent to deceive.

This provision applies as well to a foreign corporation doing business, in this Commonwealth, as to a domestic corporation. *Dolan* v. *Mutual Reserve Fund Life Association*, 173 Mass. 197. See also *Stocker* v. *Boston Mutual Life Association*, 170 Mass. 224.

We are of opinion therefore that the evidence was rightly admitted.

2. The defendant next contends that in the absence of any evidence offered by the plaintiff to show that the defendant was lawfully admitted to do business in this Commonwealth, the contract was illegal and the plaintiff cannot recover on it.   For this proposition the defendant relies upon the case of *Claflin* v. *United States Credit System Co.* 165 Mass. 501.   We do not understand that case as deciding any more than that where it appears or is admitted that an insurance company is doing busi-

ness here without complying with the laws of this Commonwealth, a contract of insurance made by it is illegal, and recovery cannot be had upon it.  It certainly was not intended to go further than this.  The illegality of a contract is a matter of defence, and the burden is on the defendant to show it.  It may appear on the face of the contract or by evidence *aliunde.*  See *Riley* v. *Jordan*, 122 Mass. 231.  In some way it must appear. We are not prepared to hold that in an action on ·a policy of insurance entered into here by a foreign insurance company through its agent doing business in this Commonwealth, the burden of proof is on the plaintiff to show that the defendant was lawfully doing business here.

*Exceptions overruled.*