WILLIAM R. KERR *vs.* AMERICAN PNEUMATIC SERVICE COMPANY.

Suffolk.   March 8, 1905. — April 7, 1905.

Present: KNOWLTON, C. J., LATHROP, BARKER, HAMMOND, & BRALEY, JJ.

*Contract*, Validity.

A contract made by a pneumatic service company to employ a person for five years as its agent in attending to government and franchise matters at a salary of $7,200 a year and reasonable travelling expenses, but agreeing that when the contracts of the company amount to $2,000,000 per year the salary shall be increased to $10,000 per year, is not invalid on its face as contrary to public policy, the use of corrupt practices not being a necessary incident of the performance of such a contract.

CONTRACT, with a first and a second count on a contract in writing to employ the plaintiff as agent for five years, the first count alleging performance on the part of the plaintiff and a refusal of the defendant to pay the plaintiff's salary, and the second count alleging readiness and willingness and an offer to perform on the part of the plaintiff and prevention of performance by the defendant, with a third count on an account annexed for $4,440 alleged to be due as salary from March 1 to October 12, 1903, with interest from November 20 to the date of the writ amounting to $24.42, not referring to the contract in writing.   Writ in the Supreme Judicial Court dated December 23, 1903.

The contract declared on in the first and second counts was as follows:

"Be it known, that on the second day of March, 1903, the American Pneumatic Service Company, a corporation legally organized under the laws of the State of Delaware, for itself, its successors and assigns, party of the first part, and William R.

Kerr of Chicago, Cook County, State of Illinois, party of the second part, enter into the following agreement:

"Article I. Said American Pneumatic Service Company agrees to employ said Kerr from the first day of March, 1903, for the term of five (5) years as its agent in attending to government and franchise matters, at a salary of seventy-two hundred dollars ($7,200) per year and reasonable travelling expenses when on business of the first party; but when the amount of contracts of the pneumatic tube service between the said American Pneumatic Service Company and its subsidiary companies and the United States Government shall equal the sum of two million dollars .($2,000,000) per year, then the said salary shall be increased to ten thousand dollars ($10,000) per year for the balance of said term of employment.

"Article II. Said Kerr agrees to devote all his time and attention as agent of said company to the business of said company in the United States in relation to the carrying of mail by pneumatic tube service in which this company is or may be interested, either directly or through subsidiary companies, and act as directed by the board of directors or by the president of the first party, within the scope of this employment.

"Article III. This contract may be terminated by the party of the first part by a vote of its directors to that effect, upon thirty (30) days' notice thereof in writing to the party of the second part, and thereupon the party of the second part shall be entitled to one year's salary from the date of said notice.

"In witness whereof the said American Pneumatic Service Company has caused its incorporate name to be signed hereto and its corporate seal to be affixed by Arthur S. Temple, its Treasurer, hereunto duly authorized, and the said William R. Kerr has hereunto set his hand and seal, both on the day and year first above written. American Pneumatic Service Company, Arthur S. Temple, Treasurer. William R. Kerr."

The defendant demurred to the declaration, alleging as causes of demurrer, first, that the contract, as set forth in the declaration and under which the claims as alleged in the several counts were based, was invalid in law, and, second, that in neither of the counts had the plaintiff set forth a legal cause of action.

The case came on to be heard before *Lathrop*, J., who reserved

it for determination by the full court upon the declaration and demurrer. If the demurrer was sustained judgment was to be entered for the defendant; otherwise, the defendant was to have leave to answer over.

*W. R. Sears*, for the plaintiff.

*H. M. Burton*, for the defendant, submitted a brief.

BARKER, J.   It is to be inferred from the declaration and the contract referred to in the first and second counts that the business of the company is concerned with the carrying of mail matter by pneumatic tube service. If so, its business must involve the procuring of franchises from governmental bodies general or local allowing the laying, maintaining and operating of such tubes, as well as contracts from the proper authorities for the carrying of mail matter by means of the tube service. In both of these classes of the company's business it is possible for it or its agents to attempt to use corrupt practices to gain its ends. In neither class is the use of any corrupt practice a necessary incident of such a business as the contract contemplates. In the defendant's dealing with "government and franchise matters," and in the procuring of contracts for carrying the mails, and in the adjustment of claims and demands arising from the execution of such contracts, the defendant being a corporation must act by an agent of some kind. In each and all of such matters there is occasion for an agent to render to the corporation services which in every possible aspect would be legitimate, and not open to criticism as in any way contrary to public policy or good morals, or to upright and fair dealing. *Oscanyan* v. *Arms Co.* 103 U. S. 261, and cases cited. If the contract contemplates only such services it is not illegal merely because an agent employed under it might misconduct himself and use corrupt methods. *Barry* v. *Capen*, 151 Mass. 99, 100. Upon this demurrer it cannot be ruled as matter of law that the contract calls for other than legitimate work on the part of the plaintiff. See *Fuller* v. *Dame*, 18 Pick. 472; *Frost* v. *Belmont*, 6 Allen, 152; *Barry* v. *Capen, ubi supra*; *Oscanyan* v. *Arms Co.* 103 U. S. 261, and cases cited. If such work only is contemplated, the provision for an increase of salary when the government mail contracts reach a certain amount cannot be said to be one which has a tendency to induce the use

of corrupt or improper acts on the part of the agent. An agent who gives all his time to the business of a principal fairly may be given a compensation increasing with the volume of the business.

The third count of the declaration does not refer in terms to the written contract. As there is no allegation that the three counts are for one cause of action only, the third count is good in any event.

Of course, if upon a trial it appears that the real purpose of the company was to procure and of the plaintiff to render services in any way looking to improper influence or practices for their success, the trial court will know how to deal with the case in the manner demanded by the principles stated by Chief Justice Shaw in *Fuller* v. *Dame* and by Mr. Justice Chapman in *Frost* v. *Belmont.*

*Demurrer overruled ; defendant to have leave to answer over.*