## MARY A. CARPENTER *vs.* ANCIENT ORDER OF HIBERNIANS WIDOWS' AND ORPHANS' FUND.

Essex.    November 12, 1924. — January 23, 1925.

Present: RUGG, C.J., BRALEY, PIERCE, CARROLL, & WAIT, JJ.

*Insurance,* Life: assessment insurance.    *Evidence,* Competency.

A certificate of insurance issued in 1895 by a fraternal beneficiary life insurance association organized under St. 1888, c. 429, as amended by St. 1890, c. 341, contained no reference to constitution, by-laws, or rules of the association, and no agreement to observe and comply with any other than "the conditions, requirements and stipulations specified in this Certificate." By its provisions, the assured promised to pay "when an assessment is required." *Held,* that the certificate was a contract of assessment insurance which, at the time it was issued, the association was not precluded from entering into.

At the trial of an action, brought in 1921 by a beneficiary upon the certificate above described, evidence offered by the defendant and tending to show that the assured in his application and in his answers at his medical examination had fraudulently misrepresented his age, which affected the risk of the insurer, properly was excluded under St. 1890, c. 421, § 21, since the certificate contained no reference to constitution, by-laws or rules of the association.

No implication drawn from St. 1895, c. 281, can defeat the explicit prohibitions of St. 1890, c. 421, § 21.

CONTRACT by the beneficiary named in a certificate of membership issued by the defendant to John J. Carpenter on September 30, 1895.    Writ dated May 17, 1921.

In the Superior Court, there was a trial before *Walsh,* J. Material evidence is described in the opinion.    By order of the judge, the jury found for the plaintiff in the sum of $1,000 and interest.    The defendant alleged exceptions.

*J. J. Shaughnessy,* for the defendant.

*J. P. Kane,* for the plaintiff.

WAIT, J.    This action was brought on a certificate of insurance issued by the defendant on September 30, 1895, to John J. Carpenter, then a member since 1883 of Division 8 Ancient Order of Hibernians of Lawrence.    At the trial in the Superior Court the defendant sought to introduce evi-

dence to show that Carpenter at the date of his application, July 2, 1895, was over forty-five years of age; that in his application for membership and in his answers at his medical examination he had made misrepresentations in regard to his age, which affected the risk of the insurance; that the by-laws of the defendant limited the age of those who could be admitted to insurance to forty-five years. This evidence was excluded subject to the defendant's exception. The certificate stated that the defendant was incorporated December 4, 1890. The defendant claimed, and, apparently, the rulings objected to were made on the assumption, that it was incorporated under St. 1888, c. 429, and amendments thereof as a fraternal beneficiary insurance association; that only members of the Ancient Order of Hibernians could join; and that on September 30, 1895, and at the time of the trial it was acting under the Act of 1888 and amendments thereof now embodied in G. L. c. 176.

The judge ruled that the case was governed by the provisions of law now embodied in G. L. c. 177; that the defence of the age limit was not open; and ordered a verdict for the plaintiff for $1,000, the amount of the certificate. The defendant excepted. It does not appear that any contention was made that the amount was improper, if the plaintiff was entitled otherwise to recover.

The decision of the questions argued upon the bill of exceptions depends upon the language of the certificate. If the transaction was one of assessment insurance subject generally to the provisions of St. 1890, c. 421, and amendments thereto, now G. L. c. 177, the rulings were correct. If, however, the transaction was one of fraternal beneficiary insurance subject generally to the provisions of St. 1894, c. 367, with its amendments, now G. L. c. 176, the rulings were wrong.

We assume that the defendant was organized under St. 1888, c. 429, as amended by St. 1890, c. 341; and, as stated in *Crowley* v. *A. O. H. Widows' & Orphans' Fund*, 222 Mass. 228, was, and since has been, a fraternal beneficiary life insurance association. At the date of this certificate, however, it was not precluded thereby from entering into contracts

of assessment insurance. St. 1890, c. 341, § 1. St. 1890, c. 421, § 1. St. 1892, c. 435, § 1. St. 1894, c. 367, § 16. The certificate differs from that concerned in *Crowley* v. *A. O. H. Widows' & Orphans' Fund, supra,* or any other fraternal beneficiary case which we find in our reports. It contains no agreement to observe and comply with any other than " the conditions, requirements and stipulations specified in this Certificate." Nothing is said of constitution or by-laws. Carpenter promises to pay "when an assessment is required." The language is more consonant with assessment than with fraternal beneficiary insurance. The judge was right in holding it a contract of assessment insurance. *Harding* v. *Littlehale,* 150 Mass. 100. St. 1890, c. 421, § 1.

Section 21 of St. 1890, c. 421, provides with reference to assessment insurance, that unless a correct copy of the application, constitution, by-laws or rules, if referred to in the certificate as having any bearing on the contract, is contained in or attached to the certificate, no such application, constitution, by-laws or rules shall be received as evidence, nor shall it be considered a part of the policy or of the contract.

Here there was no reference to constitution, by-laws or rules; but the effort to introduce them was made in order to show misrepresentation in the application, which was referred to, and was not set out in or attached to the certificate. The ruling that the testimony was inadmissible, therefore, was right. *Boyden* v. *Massachusetts Masonic Life Association,* 167 Mass. 242. *Nugent* v. *Greenfield Life Association,* 172 Mass. 278.

St. 1895, c. 281, provided that no misrepresentation or warranty made by the assured or in his behalf in the application for the certificate or the negotiation of the contract should defeat or avoid the certificate issued by a fraternal beneficiary association, unless made with actual intent to deceive or unless it increased the risk of loss; but no implication therefrom can defeat the explicit prohibitions of St. 1890, c. 421, § 21, — prohibitions continued in force by G. L. c. 177, § 15. They can stand together. *Stocker* v. *Boston Mutual Life Association,* 170 Mass. 224.

It is not necessary to consider whether it was a fatal defect

here for the defendant to fail to make an express offer to prove that the John Carpenter named in the Lowell birth record was the assured John J. Carpenter, who died at Lawrence. The evidence of age at the time of application and of the issue of the certificate was wholly immaterial.

*Exceptions overruled.*