ROY E. HEFFNER *vs.* CARL MYSHRALL.

Barnstable.    March 7, 1944. — March 27, 1944.

Present: FIELD, C.J., LUMMUS, DOLAN, RONAN, & WILKINS, JJ.

*Lottery.   Theatre.   Contract*, Validity.

It could not properly have been ruled that a license contract, whereby, with supplies furnished by the licensor, the proprietor of a theatre as licensee was to conduct "bank night" therein, on its face contemplated a lottery and was illegal, where the provisions of the contract did not show that some at least of the patrons who would pay for admission to the theatre on "bank nights" would pay their money in part for a better chance at the prizes.

CONTRACT. Writ in the Superior Court dated February 17, 1939.

The case was tried before *Forte*, J. In this court it was submitted on briefs.

*G. D. Hall*, for the defendant.
*G. S. Ryan*, for the plaintiff.

WILKINS, J. The defendant entered into a written contract dated September 14, 1937, entitled "Bank Night"

license agreement with 'Affiliated Enterprises, Inc., providing for the exhibition of "Bank Night" in the defendant's theatre each week for a year. The plaintiff, as assignee, brings this action of contract for license fees. The defendant pleaded illegality. At the trial, after the plaintiff had introduced the agreement in evidence, the parties agreed that the sole issue was "whether the contract was an illegal contract or against public policy, and void," and if not, the plaintiff was entitled to recover $400. Each party presented a motion for a directed verdict. The judge denied the defendant's motion, allowed the plaintiff's motion, and directed a verdict in the amount stipulated. The defendant excepted.

"Bank Night" in theatres has twice been considered by this court, *Commonwealth* v. *Wall*, 295 Mass. 70, and *Commonwealth* v. *Heffner*, 304 Mass. 521, and no detailed statement of the provisions of the contract need be made. Affiliated Enterprises, Inc., the licensor, undertook to provide certain supplies, and the defendant promised to make weekly payments. One clause was, "The license herein granted is subject to all municipal, county, state and federal laws." There were instructions, which the defendant agreed to follow "in order that said Bank Night may be used uniformly by all licensed theatres," which stressed that all persons, whether patrons of the theatre or not, should be allowed to register, that the drawings of the winning number should be announced outside the theatre, and that a reasonable time should be allowed for the appearance of the winner, who, if not in the theatre, should be admitted without charge.

It could not be ruled solely on the basis of the agreement that some theatre patrons would pay the price of admission in part in order to obtain a chance for a prize, with the inevitable result that there would be facts to constitute a lottery. *Commonwealth* v. *Wall*, *supra*, and *Commonwealth* v. *Heffner*, *supra*. See also *Commonwealth* v. *Payne*, 307 Mass. 56; *Commonwealth* v. *McLaughlin*, 307 Mass. 230. The agreement not being intrinsically illegal, the burden was on the defendant to show by evidence that it was unlawful.

*Riley* v. *Jordan*, 122 Mass. 231. *Abraham* v. *Mutual Re-· serve Fund Life Association*, 183 Mass. 116, 119. *Kerr* v. *American Pneumatic Service Co.* 188 Mass. 27, 29.

*Exceptions overruled.*