SALVATOR A. BEVACQUA *vs.* WILLIAM RYAN.

Suffolk.    May 3, 1950. — June 12, 1950.

Present: QUA, C.J., RONAN, WILKINS, SPALDING, & WILLIAMS, JJ.

*Motor Vehicle*, Registration.    *Evidence*, Presumptions and burden of proof.    *Words*, "Mistake."

In an action for personal injury and property damage resulting from a collision involving a motor cycle owned and operated by the plaintiff, testimony by him, that he resided in Boston when he stated Quincy as his residence in his application for registration of his motor cycle and that he knew that such statement was incorrect, was binding on him and precluded a finding that there had been a "mistake in the statement of residence" within G. L. (Ter. Ed.) c. 90, § 9, as amended by St. 1941, c. 283; and rulings that the defendant had sustained the burden of proving the registration of the motor cycle illegal, as alleged in the answer, and that the plaintiff could not recover were required.

TORT.    Writ in the Superior Court dated July 29, 1948. The action was tried before *Swift*, J.

In this court the case was submitted on briefs.

*L. J. Guaragna*, for the plaintiff.

*T. H. Mahony*, for the defendant.

RONAN, J.    In this action of tort to recover for personal injury and property damage resulting from a collision between a motor cycle, owned and operated by the plaintiff, and an automobile, owned and operated by the defendant, upon a public way in Quincy on the afternoon of July 16, 1948, the jury returned a verdict for the plaintiff, but the

judge, subject to the plaintiff's exception, under leave reserved entered a verdict for the defendant. The defendant excepted to certain portions of the instructions to the jury.

The plaintiff at the time of the accident and for a number of years prior thereto resided at Columbia Road in Boston, and in his applications for the registration of his automobile in 1948 and 1949 and for his operator's license in these two years stated that he resided at this Boston address. He was employed at a one story cleansing and dyeing establishment, located at 1195 Sea Street in Quincy, in which nobody lived. Although he never lived in Quincy, the plaintiff on June 21, 1948, in his application for registration of his motor cycle stated that he resided at 1195 Sea Street, Quincy. He testified that he did not intend to avoid the Boston rates for insurance by registering his motor cycle from the Quincy address. There was evidence that the rates for motor vehicle insurance for vehicles registered to residents of Quincy were materially lower than for those registered to residents of Boston.

The defendant's answer set up illegal registration of the plaintiff's motor cycle. The only question presented for decision is whether the defendant has sustained this defence, for if he has the plaintiff cannot prevail upon the evidence or the pleadings. *Potter* v. *Gilmore*, 282 Mass. 49, 51–53. *Rummel* v. *Peters*, 314 Mass. 504, 507. *Dean* v. *Leonard*, 323 Mass. 606, 609.

The plaintiff contends that the statement upon his application that he resided at Quincy was due to a mistake or that at least the jury could so find, and that consequently the registration in conformity with the Quincy residence was not invalid. The statute, G. L. (Ter. Ed.) c. 90, § 9, as amended by St. 1941, c. 283, provides that "A motor vehicle or trailer shall be deemed to be registered in accordance with this chapter notwithstanding . . . any mistake in the statement of residence of the applicant contained in said application or certificate." The term mistake in this statute has been frequently defined by the court. An inadvertent lapse of memory resulting in an innocent

failure to state correctly the details required to be furnished by an applicant for registration of a motor vehicle is a mistake within the meaning of the statute. "It includes only complete honesty of purpose accompanied by blameless oversight or ignorance of facts." *Brown* v. *Robinson,* 275 Mass. 55, 58. *Munson* v. *Bay State Dredging & Contracting Co.* 314 Mass. 485, 491. The determination of the absence or presence of a mistake depends upon just what the applicant had in mind which caused him to state that he resided in Quincy. He alone had the real and actual answer to such an inquiry. He testified that he lived in Boston "when he registered his motor cycle from Quincy in 1948; that he knew it was incorrect when he gave 1195 Sea Street, Quincy, as his residence." Testimony of that character is binding upon the plaintiff and utterly destroys his contention that the false statement of his residence was due to a mistake. *McFaden* v. *Nordblom,* 307 Mass. 574, 575. *Meunier's Case,* 319 Mass. 421, 424. *Dubois* v. *Atlantic Corp.* 322 Mass. 512, 522.

> *Defendant's exceptions dismissed.*
> *Plaintiff's exceptions overruled.*