ROBERT V. JOHNSTON vs. ·ALEXANDER A. SENECAL,
administrator.

Hampden.    September 17, 1952. — December 4, 1952.

Present: QUA, C.J., LUMMUS, RONAN, WILKINS, & WILLIAMS, JJ.

*Partnership*, Legality of purpose, Accounting.  *Contract*, Validity.  *Public
Policy*.  *Evidence*, Presumptions and burden of proof.

An affirmative defence pleaded by a defendant was established by certain
testimony of the plaintiff which was not contradicted or affected by any
other testimony and was binding on the plaintiff.

A partnership contract between partners engaged in the sale of parking
meters, who, in their efforts to sell them, entertained with food and
liquor municipal officers having power to purchase them for their
respective municipalities, was illegal as contrary to public policy where
such entertainment was "one of the purposes of the partnership"; and,
even if the partnership made no gift to any official apart from such
entertainment and was not engaged in bribery, one of the partners
was not entitled to maintain a suit in equity for a partnership account-
ing.

BILL IN EQUITY, filed in the Superior Court on May 17,
1951.

The suit was heard by *O'Brien*, J.

In this court the case was submitted on briefs.

*Dudley B. Wallace & Frederick S. Pillsbury*, for the de-
fendant.

*James S. Bulkley & William C. Giles, Jr.*, for the plaintiff.

LUMMUS, J.   This is a bill in equity by a surviving equal
partner against the administrator of the estate of Leo P.
Senecal, who died on June 28, 1950, for an accounting of
the assets of a partnership consisting of the plaintiff and the
defendant's intestate in the business of selling parking meters
to municipalities.   The answer of the defendant sets up the
only defence now relied on, that "the transactions from
which the plaintiff's claim arises were illegal, void and con-
trary to public policy."   The judge found that that defence
"has not been sustained by the evidence," and entered a
decree ordering the defendant to pay to the plaintiff a

balance due with costs. The only evidence to support the
defence above quoted or to show the purposes of the part-
nership was the testimony of the plaintiff, which was not
contradicted or affected by other testimony, and bound the
plaintiff. *Smith* v. *Brown*, 302 Mass. 432, 433. *Murphy* v.
*Smith*, 307 Mass. 64, 66. *McFaden* v. *Nordblom*, 307 Mass.
574, 575. *Moskow* v. *Smith*, 318 Mass. 76, 78. *Bevacqua* v.
*Ryan*, 326 Mass. 137.

The question to be determined is whether a contract of
partnership which contemplates the furnishing of enter-
tainment to public officers as a means of carrying on the
business, is legal and enforceable.

The testimony of the plaintiff on the question of the
legality of the purposes of the partnership was in substance
that the partners, in their efforts to sell parking meters,
entertained with food and liquor the municipal officers
having power to purchase them for the municipality, and
that such entertainment was "one of the purposes of the
partnership." But the plaintiff testified that no gift was
made to any official apart from such entertainment. Because
such entertainment was one of the very purposes of the
partnership, the case is not governed by *Barry* v. *Capen*,
151 Mass. 99, 100, relied on by the plaintiff, where Holmes,
J., said, "The plaintiff may have rendered illegal services,
and yet the defendant's promise may have been in considera-
tion of the plaintiff's promising to perform, or performing,
legal ones only. If the contract was legal, it would not be
made illegal by misconduct on the part of the plaintiff in
carrying it out." See also *Fox* v. *Rogers*, 171 Mass. 546;
*Kerr* v. *American Pneumatic Service Co.* 188 Mass. 27;
*Tocci* v. *Lembo*, 325 Mass. 707, 709.

By G. L. (Ter. Ed.) c. 268, § 7, the crime of bribery is
defined as the giving to a public officer of "any gift or
gratuity whatever," with intent to influence him in his
official capacity. It has been held elsewhere that furnish-
ing food and drink to a public officer by way of entertain-
ment, to be consumed by that officer presently, while wholly
bad in morals, is not bribery under a statute like ours.

*Randall* v. *Evening News Association,* 97 Mich. 136, 143. If we assume in this case that the partnership was not engaged in bribery, it does not follow that its purposes were lawful. Conduct which is not criminal may nevertheless be so unlawful that it will vitiate a contract which calls for it. In *Fuller* v. *Dame,* 18 Pick. 472, in which the opinion was written by Chief Justice Shaw, notes given by the owner of land to a stockholder in a railroad corporation to be paid when the railroad should locate its warehouse near the land, were held invalid. The Chief Justice said (page 481) that the law "avoids contracts and promises made with a view to place one under wrong influences, those which offer him a temptation to do that which may injuriously affect the rights and interests of third persons." In accord is *Guernsey* v. *Cook,* 120 Mass. 501. In *Frost* v. *Belmont,* 6 Allen, 152, although the decision was rested in part upon the want of authority of the town to pay for expenses incurred in attempting to procure from the Legislature an act of incorporation, this court said (page 159), "The practice of procuring members of the legislature to act under the influence of what they have eaten and drunk at houses of entertainment tends to render those of them who yield to such influences wholly unfit to act in such cases. They are disqualified from acting fairly towards interested parties, or towards the public. The tendency and object of these influences are to obtain by corruption what it is supposed cannot be obtained fairly."

In *Adams* v. *East Boston Co.* 236 Mass. 121, 128–129, it was said that the test of invalidity "is, whether the underlying tendency of the contract under the conditions described was manifestly injurious to the public interest and welfare. . . . It is sufficient if the contract, when applied to the facts, inevitably tends to results which impair not merely the character of the Legislature, but the public confidence in its integrity." In *Noble* v. *Mead-Morrison Manuf. Co.* 237 Mass. 5, 21, Rugg, C. J., said, "A contract respecting public service and public welfare is illegal, which by its express terms, by its inherent tendency, or by the means

necessarily or by fair implication to be employed in its execution, requires the performance of acts corrupt in themselves or inclining toward the pollution of public or private honesty and integrity of purpose." The Restatement (Contracts, § 559) declares that "A bargain to influence or to attempt to influence a legislative body or members thereof, otherwise than by presenting facts and arguments to show that the desired action is of public advantage, is illegal . . . ." And in the Restatement (Contracts, § 562) it is said that "A bargain to endeavor to secure a public contract by presenting to the official having power to make the contract inducements except such as relate to the desirability on public grounds of entering into the contract, is illegal . . . ."

In the opinion of a majority of the court the contract of partnership in this case was illegal, and the plaintiff has no right to an accounting of profits received under it. The final decree is reversed, and a new final decree is to be entered, dismissing the bill with costs.

*So ordered.*