### *Southern District*

### JOSEPHINE L. PACKARD

v.

### HARRY S. ALA

*Present:* Nash, P. J., Cox and Sgarzi, JJ.

Case tried to ————, *J.,* in the District Court of Brockton. No. 15127.

*Sgarzi, J.* This is an action of contract commenced by writ dated July 5, 1956 to recover for money loaned at various times between September 1948 and January 11, 1954. The answer is a general denial and sets up among other defenses the Statute of Limitations.

*There was evidence that* the parties became acquainted and established a social relationship in 1948. The plaintiff made various gifts to the defendant and from September 1948 to January 11, 1954 made various loans which the court found totaled $16,190.57, of this amount it could be found that $3,260 was loaned between July 14, 1950 and January 11, 1954, within six years of the date of the writ.

*There was further evidence that* the defendant paid back the sum of $900.00 in fifteen monthly payments of $60.00 each beginning May 1, 1955. The plaintiff testified that she applied these payments to the loan of $2,000.00 made between November 3, 1953 and January 11, 1954. There was no other evidence from any source as to the application of these payments.

At the close of the evidence the plaintiff and defendant each made certain requests for rulings of law. Of the defendant's requests, the following were denied:

1. The evidence warrants a finding that the plaintiff is barred from recovery on all alleged loans except for the period from November 3, 1953 to January 11, 1954 by the Statute of Limitations.

2. The evidence requires a finding that the plaintiff is barred from recovery on all alleged loans, except for the period from November 3, 1953 to January 11, 1954 by the Statute of Limitations.

3. The plaintiff is bound by her testimony that she applied the $900.00 received from the defendant, to the alleged loan of November 3, 1953 to January 11, 1954.

The judge allowed certain of the plaintiff's requests but the defendant's objection to their allowance must be treated as waived since the matter was not argued either in his brief or before this Division. *Boston v. Dolan,* 298 Mass. 346; *Nichols v. Commr. of Corp.,* 314 Mass. 285; *Soscia v. Soscia,* 310 Mass. 418.

The judge found for the plaintiff in the sum of $15,290.57 and made the following Special Finding: "I find that the plaintiff

presented gifts to the defendant, to wit, a diamond ring, wearing apparel and other varied gifts including some sums of money, but I find that the money that was given to the defendant at various times totalling $16,190.57 was not as a gift, but rather as loans, with the expectation that said money would be repaid by the defendant to the plaintiff, and I also find that the defendant intended to repay the plaintiff as evidenced by the letters that the defendant wrote to the plaintiff in which the defendant stated that he, the defendant would pay or try to repay the said money. I find that there were a series of loans from 1948 through January of 1954 and that the defendant started to make payments and did pay the sum of $900.00 commencing May 1, 1955 so I find that the Statute of Limitations does not apply as a defense to said defendant."

Later, at the hearing on the draft report it was agreed that a letter dated July 11, 1950 being Exhibit No. 10 be incorporated by reference into the report and that the special finding be amended to include the following "If it is the defendant's contention that the Statute of Limitations applies then the defendant would be entitled to a finding, but I find that the Statute of Limitations does not apply as a defense to said defendant."

The letter referred to as Exhibit No. 10 is a letter from the defendant to the plaintiff written while he was in a hospital. It makes mention of his illness, the expenses incurred for medical and hospital services,

acknowledges in affectionate terms the help and comfort received from the plaintiff and contains the following statement "My darling, you have done so much for me I don't know what I would have done without you. When I am able I intend to do all that I can to repay you and be near and good to you."

G. L. c. 260, §2 provides that actions of contract shall be commenced only within six years next after the cause of action accrues. To take an action out of the operation of the statute there must be a written acknowledgment or promise as provided in §13 or a payment as provided in §14.

An acknowledgment to be effective must contain an unqualified admission of a previous subsisting debt for which the party is liable and which he unconditionally promises to pay. *Westminster Nat. Bank v. Graustein,* 270 Mass. 565; *Wenz v. Wenz,* 222 Mass. 314; *Barnard v. Bartholomew,* 22 Pick. 291.

It is apparent that the letter in question contains neither an acknowledgment of an existing debt nor an unconditional promise to pay. It merely acknowledges the help and kindness of the plaintiff in general terms and expresses an intention to reciprocate when he is able to do so.

We are aware of the fact that the special finding of the justice makes mention of "letters" but the report states that it contains all of the evidence material to the questions reported so that it must be inferred that if there were other letters they were of no help in determining the issues.

With regard to the matter of payment the plaintiff herself testified that she received payments totalling $900.00 which she applied to the loans of $2,000.00 made between November 3, 1953 and January 11, 1954, and there was no other evidence that these payments were applied to any other loans.

■ When there is no evidence in a case more favorable to a party than his own testimony, he is bound by his own testimony. *LeBlanc v. Welch,* 333 Mass. 207; *Johnston v. Senecal,* 329 Mass. 556; *Moskow v. Smith,* 318 Mass. 76.

There is nothing either by way of a new promise or of payment, to take the action out of the operation of the statute. The statute was therefore an effective bar to the recovery of the loans made more than six years before the commencement of the action.

There was prejudicial error in the denial of the defendant's requests for rulings of law. The case is remanded for modification of the finding to include only those sums which the court found were loaned within the period of six years from the commencement of the action less the sum of $900.00 which was paid on account. G. L. c. 231, §108; *Loanes v. Gast,* 216 Mass. 197.

Walter T. Burke of Brockton, for the Plaintiff.
Eben G. Townes of Brockton, for the Defendant.