Banks, J.
This is an action in contract in which the plaintiff seeks to recover the sum of $3,000.00 which is purportedly owed to him by the defendant because of the dishonor of a check drawn and delivered eleven (11) years prior to the commencement of this suit.
This suit was initiated on November 10, 1979. The plaintiff alleged in his original complaint that the defendant borrowed $3,000.00 from him on May 12,1967, and that the defendant tendered two checks to cover this debt which were due and payable at a later date. The defendant allegedly replaced these post-dated checks, for which there were insufficient funds in the defendant’s account on the date of maturity, with a new $3,000.00 check on July 29,1968. The later check was also dishonored for lack of sufficient funds; and it is the obligation represented by this check that is the basis of this action.
On November 2, 1983, the plaintiff filed an amended complaint which alleged that the plaintiffs claim against the defendant was based on a July 12, 1978 letter signed by the defendant. This letter stated:
With reference to the $3,000.00 check dated on or about July 29, 1968, I will search my records to determine whether or not this amount is owed; if and so, I will pay the obligation.
The defendant thereafter filed a Dist./Mun. Cts. R. Civ. P.,Rule 12(b)(6) motion to dismiss on the grounds that the plaintiffs claim was barred by the Statute of Limitations, and that the complaint thus failed to state a claim upon which relief could be granted. The trial justice allowed the defendant’s Rule 12(b)(6) motion; and the plaintiff now claims to be aggrieved by that order.
There was no error in the trial justice’s Dist./Mun. Cts. R. Civ. P.,Rule 12(b)(6) dismissal of this action for there is no set of facts which the plaintiff could prove which would entitle him to relief. See Nader v. Citron, 372 Mass. 96, 98 (1977); Kipp v. Kueker, 7 Mass. App. Ct. 206, 210 (1979).
1. The amended complaint expressly recites that the plaintiffs claim is based on the defendant’s letter of July 12, 1978. The actual genesis of the plaintiffs claim was the dishonor of the defendant’s July 27,1968 check in the sum of $3,000.00. The G.L. c. 260, g 2 six year Statute of Limitations applicable to any suit on such dishonored instrument obviously expired a full five years *114 before the commencement of this action.[1] The plaintiffs right to recover herein thus depends upon whether the defendant’s letter constituted a revival of the defendant’s debt within the purview of G.L. c. 260, § 13.[2]
It is elementary lawthat in order to bring a case within the provisions of G.L. c. 260, § 13, written evidence is required of either a new, express promise to pay or an unqualified acknowledgment of an existing debt. “It is a settled principle that to avoid the statute of limitations there must be either a new, express promise to pay, or one which the law implies from an acknowledgment of the debt as a present indebtedness.” Westminister Nat’l Bank v. Graustein, 270 Mass. 565, 581 (1930). The defendant’s July 12,1978 letter in no way rises to the level of an acknowledgment of, or a new promise to pay, an existing debt. As the letter suggested, a willingness to make payment only if the defendant’s records revealed that the $3,000.00 was still owed, the letter cannot be deemed a “new promise” cognizable under G.L. c. 260, § 13. Such a promise must be unconditional in order to avoid the Statute of Limitations. Wenz v. Wenz, 222 Mass. 211, 221 (1916); Packard v. Ala, 16 Mass. App. Dec. 160, 164 (1958).
It is equally evident that the letter in question does not constitute an “unqualified” acknowledgment of an existing debt. Indeed, the letter expressly states that the defendant was required to examine his records “to determine whether or not the amount is owed.” Such an expression of uncertainty as to the continued existence of a debt can in no way be logically equated with an unqualified acknowledgment of such debt. See, e.g., Gibson v. Grosvenor, 70 Mass. (4 Gray) 606 (1855) (“As I do not recollect the date or amount of the endorsement, I would thank you to send me a statement of it” - held insufficient to avoid Statute of Limitations); Gill v. Gibson, 225 Mass. 226 (1916) (“if you send me the dates and amounts of payment so that I can compare with my account, I think a little later as soon as things start up I may be able to do something for you” - held insufficient acknowledgment). “An acknowledgment to be effective must contain an unqualified admission of a previously subsisting debt for which the party is liable and which he unconditionally promises to pay.” Packard v. Ala, at 164.
In the absence of a new, unconditional promise to pay by the defendant or an unqualifed acknowledgment of his alleged indebtedness to the plaintiff, the plaintiffs claim for the $3,000.00 sum in question remained barred by the Statute of Limitations.
2. The trial court refers in its report to two theories of recovery advanced by the plaintiff: (1) that the original claim of the plaintiff had been revived by a new promise; and (2) that a new obligation was created where the consideration was the settlement of the superior court suit. The trial court addressed and properly ruled against the plaintiff on his theory of a revived claim as discussed above.
The plaintiffs argument before this Division rests primarily upon his second theory; namely, that the plaintiff’s claim was never barred by the Statute of *115 Limitations as it was subsumed within the superior court suit and that a new obligation was created at the time, and in consideration, of the settlement of such suit. This new obligation which preserved the independent viability of the plantiffs claim in 1978 is purportedly embodied in the defendant’s letter of July 19, 1978. Viewing these contentions in the light most favorable to the plaintiff, the present suit could be deemed to have been commenced within the Statute of Limitations period.
The plaintiffs suit would, however, remain subject to dismissal for failure to state a claim upon which relief could be granted. The defendant’s letter neither created, nor sets forth, an enforceable “new” promise or claim. Said letter indicated only that the defendant would examine his records and offer payment if, in the defendant’s sole opinion and judgment, such money were owed.
3. There being no error, the report is dismissed.

 The plaintiff contends that the $3,000.00 debt in question was not barred by the Statute of Limitations because the debt was part of a $126,000.00 superior court suit brought by the plaintiff against the defendant and several others in 1970. This suit was dismissed with prejudice. If the $3,0(10.00 sum in question was part of the 1970 suit, it became merged in the larger, final settlement of that action. Wright v. Anderson, 191 Mass. 148 (1968); Stimpson v. Poole, 141 Mass. 502 (1886). The instant case does not even purport to be a suit to enforce the general settlement. See generally, Peters v. Wallach, 361 Mass. 622 (1976).

 General Laws c. 260, § 13 states: “No acknowledgment or promise shall be evidence of a new or continuing contract whereby to take an action of contract out of the operation of this chapter or to deprive a party of the benefit thereof, unless such acknowledgment or promise has been made by, or is contained in, a writing signed by the party chargeable thereby.”