Polley v. Wood.

*N. O. Ross* and *R. P. Effinger*, for appellee.

———o———

POLLEY *v.* WOOD.

PRACTICE.— *Costs.*—In order that the costs may be taxed against the plaintiff on the ground that his cause of action would have constituted a proper counter-claim in a previous action brought against him by the defendant, and, having been personally served with notice, he omitted to set up such counter-claim, these facts should be presented by answer before trial, and cannot properly be made available after verdict.

APPEAL from the Wayne Circuit Court.

Polley purchased of Wood a lot of fat cattle, designed to be shipped and sold in the city of New York. By the terms of the contract, Wood was to keep the cattle for one or two weeks, during which time he was to feed them carefully and take proper care of them and keep them in good condition for shipment, and at the expiration of the time, they were to be weighed and then received and paid for by

Polley at the rate of eight cents per pound, gross weight. At the proper time the cattle were weighed and received by Polley, who shipped them to New York. Polley subsequently brought this suit against Wood, alleging that the latter had wrongfully and fraudulently overfed, stuffed, and gorged the cattle, during the time he so kept them, whereby they were each made to weigh one hundred and fifty pounds gross more than they would have weighed if properly fed; that they thereby became sick and diseased, by reason of which the plaintiff was compelled to sell, and did sell them at great loss, &c.

On the final hearing a verdict was rendered for the plaintiff for three hundred and eighty dollars, for which judgment was rendered. But, on the defendant's motion, supported by affidavit and proof, the court rendered a judgment in favor of the defendant for costs, under the sixtieth section of the code. This ruling of the court presents the only question in the case.

ELLIOTT, J.—Section 60 of the code provides that, "if any defendant, personally served with notice, omit to set up a counter-claim arising out of the contract or transaction set forth in the complaint as the ground of the plaintiff's claims, or any of them, he cannot afterwards maintain an action against the plaintiff therefor, except at his own costs."

It appears by the affidavit before us, that in 1865, and after the cause of action in this case had accrued, Wood, the defendant, sued Polley in the Wayne Common Pleas, for a balance due and unpaid under the same contract, upon the same lot of cattle referred to in the complaint in this suit. Polly was personally served with process in that suit, and judgment was rendered against him therein for one hundred and sixty-seven dollars, for the balance due him on said cattle.

One ground of objection urged to the ruling of the court in reference to the costs is, that if the subject of action

would have constituted a proper counter-claim in the suit referred to in the affidavit, the facts should have been presented by answer before trial, and that it could not be properly made available after verdict; and that the court erred, therefore, in entertaining the motion. The objection seems to be well taken. The same question was so ruled in *Norris* v. *Amos*, 15 Ind. 365, and we adhere to that ruling.

The judgment against Polley for costs is reversed, with costs, and the cause remanded to the Circuit Court, with direction to render a judgment against the defendant below for costs.

*C. H. Burchenal* and *N. H. Johnson*, for appellant.
*J. Yaryan, J. B. Julian*, and *J. F. Julian*, for appellee.