WILSON v. VANCE, Administrator.

SUPREME COURT.—*Evidence.*—*Amount of Recovery.*—The Supreme Court will not interfere with the action of the court below upon the question of the amount of recovery, where such amount depends upon a calculation, the data for which, in the evidence, are uncertain and unreliable.

APPEAL from the Marion Common Pleas.

DOWNEY, J,—The complaint in this case states that Wilson and the deceased were partners in business, and engaged in constructing a railroad from Lawrenceburgh to Indianapolis; that there had been no settlement of the business of the partnership; and that the plaintiff believes and charges, that the decedent was, at the time of his death, and the said administrator is, indebted to him in the sum of eight thousand dollars, as balance due upon general partnership accounts; that of this sum, one-half of four thousand dollars, to wit, two thousand dollars, arises from an excess of ten per cent. upon forty one-thousand-dollar bonds, taken by the decedent and not accounted for, upon which the defendant is indebted to the late firm in the sum of four thousand dollars, and interest thereon for nine years, the one-half of which is due to the plaintiff on settlement. He demands a settlement of the accounts and judgment for the sum of (eight) twenty-five thousand dollars.

The plaintiff, having been required to file a bill of particulars, discharged the rule by putting on file an account covering thirty-five pages of legal cap.

A demurrer to the complaint because it did not state facts sufficient to constitute a cause of action was overruled, and the defendant answered, first, that the action did not accrue within six years before the decease of Vance; second, a general denial of the complaint; third, as to so much of the plaintiff's claim as alleges payments made to divers persons mentioned in the bill of particulars, that they were made out of the funds of Vance and Wilson, and that Vance handed the money to Wilson with which to make the payments;

fourth, that by the terms of the partnership, Vance alone was to pay all debts out of money of the firm, and did so pay, and if plaintiff made any payments it was done voluntarily and of his own wrong, &c.; fifth, that the road was finished in 1853, and all the business completed, and that in 1854 all the business of the firm was fully settled, &c.

Reply, first, a general denial of the answer; second, a denial of the third paragraph of the answer; third, to the fourth paragraph of the answer, that the debts therein mentioned were not paid out of the money of the firm, but out of the money of the plaintiff; fourth, denial of fifth paragraph of the answer. The plaintiff afterwards filed a fifth paragraph of reply, addressed to the first paragraph of the answer, asserting that the cause of action, or portions of it, accrued within six years before the death of Vance, and also explaining a writing which had been signed by the plaintiff at the request of the attorney of the defendant, which it seemed he apprehended would be used in evidence to show that the cause of action was barred by the statute of limitations.

Thereupon, the record says, the plaintiff *dismissed* the first paragraph of his reply, the defendant filed a demurrer to the fifth paragraph, and with the issues thus incomplete there was, by agreement of the parties, a trial by the court, and a finding for the plaintiff for $3,082.41.

The plaintiff, not being satisfied with this result, moved the court to grant a new trial, but the court overruled his motion and rendered judgment in his favor for the amount of the finding.

It is assigned for error that the court erred in refusing to grant the new trial.

The written motion for a new trial assigned the following reasons: first, the judgment is less by several thousand dollars than the evidence would require, to wit, eight thousand dollars; second, the court, in the finding, overestimated the cost of the work and materials by an amount of over forty thousand dollars; third, the court, in the finding, omitted a large amount of interest received by the intestate upon the

bonds, to wit, $5,670; fourth, the court omitted in account $26,580 of stock taken upon subscriptions, and seventy dollars cash dividends taken upon the same; fifth, the court omitted an item of about $5,670 of interst upon bonds which Vance did not account for; sixth, the court omitted to charge twenty one-thousand-dollars bonds, received by Vance and not accounted for.

An affidavit was filed with these reasons for new trial, but as it is not in the bill of exceptions, but copied in the record without authority, we cannot consider it.

The first reason assigned why the court should have granted a new trial is within the fifth statutory cause for granting a new trial, that is, "error in the assessment of the amount of recovery, whether too large or too small, where the action is upon a contract or for the injury or detention of property." 2 G. & H. 211, sec. 352. The other reasons can only be regarded as specifications under the first.

Looking at the reasons assigned for granting a new trial alone, we might well infer that the common pleas had committed an error in refusing to grant the new trial.

In the second reason assigned there was an error of $40,-000; in the third, an error of $5,670; in the fourth, $26,-580, and in another item, $70; in the sixth, $20,000, saying nothing about the amount mentioned in the fifth, which is probably a repetition of the third. All these amounts together make $92,320. The one-half of which, as we infer, was the amount of the mistakes made against the plaintiff, which would be $46,160. If we add to this the amount of his recovery, which was $3,082.41, we have $49,242.41, the amount which it must be inferred the plaintiff believes he ought to have recovered. But when we look at the original complaint, and there find that the plaintiff, in stating his case, claimed only that the administrator was indebted to him in the sum of eight thousand dollars, his reasons for being dissatisfied with the judgment of the common pleas seem not to be so well founded.

Wilson had sued another party for this same claim, in sub-

Wilson *v.* Vance, Administrator.

stance, and in that suit had taken the deposition of Vance to be used in his behalf. This deposition of Vance was used in this case as evidence against his administrator. It is quite evident that it was not made with any view on his part to a controversy between him and Wilson; nor did he, as appears from the face of the deposition, state fully the matters relating to the former suit. While this deposition, in the other case, is admissible as evidence against his administrator, in this case, its weight or force as evidence was a question for the common pleas. And the same is true with reference to the other evidence in the case. The judge, who sat as a jury, passed upon the evidence as a tier of the facts, and then again on the motion for a new trial. In this deposition Vance states that he and Wilson made no profits in constructing the road, nor any pay for their services, but, on the contrary, came out in debt.

A part of the books kept by Vance, relating to tne business, were in evidence, but other books were not to be found. The books given in evidence were incomplete.

Calculations are made by the counsel of each party in the printed briefs, to show that his theory of the case is a correct one; and finally there is a calculation in manuscript by the plaintiff himself, which we are assured is " fair and impartial."

The difficulty in the case is that the data upon which the calculations are made are uncertain and unreliable. Mere inferences are taken for facts on which to commence, and hence the results are different. If the items on each side of the account were established, a little skill in mathematics would serve to find the correct result. But this is not the case.

Unless we should depart from the well established rule of this court in passing upon the facts of the case, there is no reason for our interference with the judgment of the common pleas.

The judgment is affirmed, with costs to the appellee.

*Hendricks, Hord & Hendricks, Barbour & Jacobs, C. A. Ray, J. Buchanan,* and *A. Wilson,* for appellant
*J. L. Ketcham* and *J. L. Mitchell,* appellee.