Terry v. Shively.

No. 10,164.

## TERRY v. SHIVELY.

PRACTICE.—*Interrogatories to Jury.*—Where interrogatories are asked to be sent to the jury upon points which so far as material are fully covered by others which are sent, it is not error to refuse them.

SAME.—*Instructions.*—Correct instructions may be refused if not presented to the court before the argument begins, or if embraced in others which are given; and if those given are not in the record, no error is apparent in the refusal.

SAME.— *Objection to Judgment.*—The mere form of a judgment can not be questioned in the Supreme Court by an objection made below to the judgment generally, but the specific objection must have been stated.

WITNESS.—*Impeachment of.—Evidence.*—A bill of exceptions purporting to contain the evidence of a witness given upon a former trial, the witness not being a party thereto, can not be read in evidence to impeach him upon his denial that he testified as the bill shows.

COSTS.—*Pleading.—Practice.*—Where suit is brought upon a demand which might have been pleaded as a counter-claim to a former suit by the defendant against the plaintiff, costs will not, on recovery, be taxed against the plaintiff, in the absence of a plea alleging the facts in bar of a judgment for the costs.

From the Marshall Circuit Court.

*J. S. Slick* and *M. A. O. Packard,* for appellant.

*M. L. Essick* and *G. W. Holman,* for appellee.

COLERICK, C.—This was an action brought by the appellee against the appellant on an account for lumber sold and delivered. An answer consisting of four paragraphs was filed, as follows: 1. General denial. 2. Settlement. 3. Former adjudication. 4. Payment. A reply of general denial was filed to the last three paragraphs of the answer. The case was tried by a jury, and resulted in a verdict in favor of the appellee for $433.52, and, over motions for a new trial and in arrest of judgment, final judgment was rendered for said sum against the appellant.

The errors assigned for the reversal of the judgment are:

1. That the court erred in overruling the motion for a new trial.

2. That the court erred in overruling the motion in arrest of judgment.

3. That the court erred in rendering judgment against the appellant for costs without relief from valuation or appraisement laws.

4. That the court erred in overruling a motion to tax the costs of the action to the appellee.

The second error assigned is expressly waived by the appellant in his brief, and therefore will not be noticed by us. We will consider the other errors assigned in the order stated in the assignment of errors.

Did the court err in overruling the motion for a new trial? The reasons assigned in its support were:

1. That the verdict was contrary to law.

2. That the verdict was not sustained by sufficient evidence.

3. That the court erred in refusing to submit to the jury certain interrogatories propounded by the appellant, and properly designated by number in the motion.

4. That the court erred in directing the jury not to answer said interrogatories.

5. That the court erred in allowing the appellee to prove by the appellant, on cross-examination, that a certain judgment, which is described in the motion, had been paid by the appellee.

6. That the court erred in refusing to allow the appellant to read to the jury, for the purpose of impeaching one of the appellee's witnesses, portions of a certain bill of exceptions which purported to contain the evidence rendered by said witness on a former trial of the action.

7. That the assessment of the amount of recovery was too large.

8. That the damages assessed were excessive.

9. That the court erred in receiving the verdict of the jury, and discharging the jury, without requiring them to sign the special interrogatories that had been submitted to them.

10. That the court erred in refusing to require the jury to answer more fully a certain interrogatory that had been submitted to them.

11. That the court erred in refusing to give to the jury a special instruction requested by the appellant, and numbered two.

The appellant, in his brief, abandons the eighth, ninth and tenth causes assigned for a new trial. We have examined the evidence, which is in the record, and find that it is conflicting, but strongly tends to sustain the verdict. Under the practice of this court we can not weigh the evidence to determine its preponderance.

The record shows that the appellants presented to the court forty-two interrogatories to be answered by the jury, of which the court submitted to the jury the first twenty-three, and refused to submit the others. We think that the interrogatories submitted to the jury were sufficiently broad to cover and embrace all the material facts sought to be elicited by the ones that were rejected. No error was committed by the court in permitting the appellee to prove, on the cross-examination of the appellant, that the judgment referred to in the motion for a new trial had been paid by the appellee.

The court properly refused to allow the appellant to read to the jury, as evidence, for the purpose of impeaching one of appellee's witnesses, portions of a bill of exceptions which purported to contain the evidence rendered by the witness on a former trial of the action. Where a witness denies having testified differently in a former action, or at a former trial of the same action, he can not be contradicted by a bill of exceptions which purports to contain all the evidence, the witness not being a party to the action. *Glenn* v. *State, ex rel.*, 46 Ind. 368; *Starret* v. *Burkhalter*, 86 Ind. 439; *Woollen* v. *Whitacre*, 91 Ind. 502.

We can not say, in view of the conflicting nature of the evidence, as to the quantity and value of the lumber sold and

delivered, and the payments that were made therefor, that the amount of recovery assessed by the jury was excessive. This court will not reverse a judgment for such cause, where the amount of recovery depends upon calculations, the data for which are uncertain and unreliable. *Wilson* v. *Vance*, 34 Ind. 440. The evidence introduced by the appellee would have justified a recovery for a larger sum.

The special instruction referred to in the eleventh cause assigned for a new trial was properly refused by the court. The record shows that it was not presented to the court until after the argument of counsel had been concluded, and it also appears by the record that the court, of its own motion, gave instructions to the jury, which, at the direction of the appellant, have been omitted from the record.

Special instructions must be presented to the court before the commencement of the argument; otherwise the party presenting them is not entitled to have them given to the jury. R. S. 1881, sections 533, 534. In *Fitzgerald* v. *Jerolaman*, 10 Ind. 338, it was held that "An instruction asserting a correct legal principle may be rightly refused for any one of at least three reasons—1. That it is not pertinent to the particular case, as made by the evidence. 2. That it was not handed up to the judge for his examination at the proper time. 3. That it was clearly embraced in instructions given." As the instructions given by the court of its own motion, in this case, are not in the record, we can not say that the court erred in refusing the instruction asked by the appellant, as the legal principle therein asserted may have been clearly embraced in the instructions that were given by the court. See *City of Indianapolis* v. *Murphy*, 91 Ind. 382, and the authorities there cited.

No error was committed in overruling the motion for a new trial.

The appellant insists that the court erred in rendering judgment against him for costs without relief from valuation

Terry *v.* Shively.

or appraisement laws. It is true that the costs of an action, being an incident to the judgment, are controlled by it, and are to be collected in the same manner. *Martindale* v. *Tibbetts,* 16 Ind. 200; *Church* v. *Hay, ante,* p. 323. The judgment in this respect was improper, but no motion was made in the court below to correct it. No advantage can be taken of a defect or error in the form of a judgment on appeal to this court, unless the attention of the court below has been called to it in some proper manner. The law, as declared in many cases decided by this court, is correctly stated in Buskirk Pr. 268, thus: " It is well settled that where no objection is taken in the court below to the form of the judgment, and no motion is made to correct or modify it, no question can be made in reference to it in the Supreme Court, and that a general objection made to the rendition of any judgment will not answer, but the objection must particularly point out the defect complained of, and the motion must specify wherein it should be corrected and modified." See *Smith* v. *Dodds,* 35 Ind. 452; *McCormick* v. *Spencer,* 53 Ind. 550; *Teal* v. *Spangler,* 72 Ind. 380; *Douglass* v. *State,* 72 Ind. 385; *Bayless* v. *Glenn,* 72 Ind. 5; *Martin* v. *Martin,* 74 Ind. 207; *Smith* v. *Kyler,* 74 Ind. 575.

As to the last error assigned, we think that the court below committed no error in overruling the appellant's motion to tax the costs of the action to the appellee. It is unnecessary to decide whether the claim for which the appellee sued in this action would have constituted a proper counter-claim in the action that was instituted against him by the appellant. If it was a proper counter-claim, still the costs of this action could not have been properly taxed to the appellee for his omission to present it in the former action, because it was necessary for the appellant, in order to avail himself of the benefit of such omission, by having the costs so taxed, to present, before trial, by way of answer, the facts rendering the appellee liable for the costs. The question could not

properly be made available after verdict. *Polley* v. *Wood*, 30 Ind. 407. See, also, *White* v. *Miller*, 47 Ind. 385.

PER CURIAM.—The judgment of the court below is affirmed, at the costs of the appellant.

Filed Feb. 14, 1884.