ALFRED R. DURKEE *vs.* INDIA MUTUAL INSURANCE COMPANY.

Suffolk. March 7, 8, 1893. — October 19, 1893.

Present: FIELD, C. J., ALLEN, HOLMES, MORTON, & LATHROP, JJ.

*Marine Insurance — Evidence — Statute.*

In an action upon a policy of insurance on a vessel against the perils of the seas, if the materiality of a certain representation is in issue, a witness who is the owner of another vessel cannot testify concerning the premium which he paid for insurance on his vessel at another time.

The St. of 1887, c. 214, § 21, providing that "no oral or written misrepresentation made in the negotiation of a contract or policy of insurance, by the assured or in his behalf, shall be deemed material or defeat or avoid the policy or prevent its attaching, unless such misrepresentation is made with actual intent to deceive, or unless the matter misrepresented increased the risk of loss," applies to marine insurance companies.

CONTRACT upon a policy of insurance issued by the defendant to the plaintiff on the bark Aspatogon, against the perils of the seas, in a voyage " at and from Trinidad, Port Spain, to Philadelphia." Trial in the Superior Court, before *Sherman,* J., who directed the jury to return a verdict for the plaintiff; and reported the case for the determination of this court. The facts material to the points decided appear in the opinion.

*L. S. Dabney,* for the defendant.

*E. P. Carver,* (*E. E. Blodgett* with him,) for the plaintiff.

MORTON, J. We think it is clear that there must be a new trial in this case on account of the testimony of Hall concerning

the premium which he paid at another time on another vessel. It related to a matter that was wholly collateral. It introduced a distinct issue, which was not involved in nor pertinent to any issue on trial, and which the defendant could have had no just ground to anticipate, and was wholly incompetent. *Berkshire Woollen Co.* v. *Proctor*, 7 Cush. 417. *Aldrich* v. *Pelham*, 1 Gray, 510. *Lane* v. *Boston & Albany Railroad*, 112 Mass. 455. *Hatt* v. *Nay*, 144 Mass. 186.

The remaining questions relate principally to certain alleged material misrepresentations. At the argument it was suggested from the bench whether St. 1887, c. 214, § 21, did not apply. Counsel were not then prepared to argue the question, and at the request of the court subsequently furnished briefs upon it. We think upon examination that the statute applies to marine insurance companies, and that it renders misrepresentations by the insured or his agent immaterial unless they are made with actual intent to deceive, or unless the effect of them is to increase the risk of loss. *Ring* v. *Phœnix Assurance Co.* 145 Mass. 426.

The act is entitled " An act to amend and codify the statutes relating to insurance," that is, all insurance. Section 1 provides that the words " insurance company " shall include " all corporations, associations, partnerships, or individuals engaged as principals in the business of insurance," and defines the words " net assets " when applied to marine insurance companies. Section 2 provides that " all insurance companies now or hereafter incorporated . . . may exercise the powers and shall be subject to the duties and liabilities provided by this act." Section 11 provides the manner in which the liability of insurance companies upon contracts of insurance relating to marine risks shall be computed, and also contains other provisions in regard to marine insurance companies. Under the caption " Provisions common to all companies," which forms a part of the statute, is § 21, which is as follows : " No oral or written misrepresentation made in the negotiation of a contract or policy of insurance, by the assured or in his behalf, shall be deemed material or defeat or avoid the policy or prevent its attaching, unless such misrepresentation is made with actual intent to deceive, or unless the matter misrepresented increased the risk of loss." There is nothing in this section which in terms exempts marine insurance

companies from its operation, and there is nothing in the nature of its provisions which should not apply to them equally with other insurance companies. Further on in the chapter (§ 52) follow provisions applying specially to "mutual marine and mutual fire and marine companies," without anything to indicate that the provisions of § 21 do not affect them. A similar section in the Pub. Sts. c. 119, § 181, taken from St. 1878, c. 157, § 1, was applicable by its terms to fire and life insurance companies only. It would seem that, in amending and codifying in St. 1887 the law relating to insurance, the Legislature saw no reason why those provisions should not be extended to all insurance companies, and provided by § 21 that they should be so extended. We think that such a construction must be given to that section.

The terms of the report require that the verdict shall be set aside and a new trial granted if there was any error in admitting any of the evidence excepted to by the defendant, and it is not necessary to consider whether the questions put to the jury and their answers established that there was no actual intent to deceive on the part of Knight, the insurance broker, assuming that he was the defendant's agent, and that the misrepresentation did not increase the risk of loss.

We have not considered the question of the admissibility of the Maritime Register and the Boston Advertiser. Upon a new trial it will be immaterial whether the defendant's officers knew that the bark had arrived at St. Lucia on July 8. If the alleged misrepresentations were made with actual intent to deceive, or if they increased the risk of loss, it is of no consequence whether the officers of the company afterwards knew when the vessel reached St. Lucia. In either case the policy would be avoided. *Ring* v. *Phœnix Assurance Co.*, *ubi supra*. If they were not made with intent to deceive, and did not increase the risk of loss, it is also of no consequence whether the officers of the defendant company did or did not know of the arrival of the bark at St. Lucia.

*Verdict set aside, and new trial granted.*