SHELL PETROLEUM CORPORATION *v.* EARNEST.

[No. 14,603.   Filed October 20, 1933.]

*Thompson, Mitchell, Thompson & Young, Earl B. Barnes* and *Charles M. Wells,* for appellant.

*Clarke & Clarke,* for appellee.

WOOD, P. J.—Appellee brought suit against appellant for wages alleged to be due and unpaid for services rendered as an attendant at a filling station owned and operated by appellant in the city of Indianapolis. Appellee also alleged that he had made demand upon the appellant for the amount due him which demand was refused and asked that a penalty be assessed against appellant as provided by sections 9336 and 9337, Burns 1926.

To this complaint appellant filed an answer in three paragraphs; the first was a general denial, the second admitted the employ of the appellee but alleged that under their contract of employment the appellee had agreed that in the event of any shortage in the amount of money due the appellant for merchandise sold by the appellee that any such sum should be deducted from the wages owing from appellant to appellee, that appellee

was short in the amount of money which he collected for appellant and such sums were deducted from appellee's wages pursuant to said contract; the third was a plea of payment. The appellee filed a reply in general denial to the second and third paragraphs of appellant's answer. Upon the issues thus joined, the cause was tried to a jury, resulting in a verdict in favor of appellee upon which judgment was rendered. Appellant filed a motion for a new trial, which was overruled. This is the only error assigned for reversal.

Appellant's first three causes for a new trial are, that the amount of the recovery is too large, the verdict is not sustained by sufficient evidence, and the verdict is contrary to law. The evidence is conflicting in this case. This court will not weigh the evidence. Unless the record discloses that there is a complete lack of evidence on some essential element of the case to sustain the verdict of the jury, it will not be disturbed on appeal. In the case of *Wilson* v. *Vance* (1870), 34 Ind. 440, where the amount recovered was questioned by a motion for a new trial, our Supreme Court refused to reverse the judgment upon that ground, saying: "Calculations are made by the counsel of each party in the printed briefs, to show that his theory of the case is a correct one; and finally there is a calculation in manuscript by the plaintiff himself, which we are assured is 'fair and impartial.'

"The difficulty in the case is that the data upon which the calculations are made are uncertain and unreliable. Mere inferences are taken for facts on which to commence, and hence the results are different. If the items on each side of the account were established, a little skill in mathematics would serve to find the correct result. But this is not the case.

"Unless we should depart from the well established rule of this court in passing upon the facts of the case,

there is no reason for our interference with the judgment of the common pleas." See also *Terry* v. *Shively* (1883), 93 Ind. 413.

In its next seventeen causes for a new trial, appellant complains of the action of the trial court in permitting certain witnesses for the appellee to answer certain questions propounded to them over its objection.

The questions propounded and the answers given thereto, by one of the witnesses, related to the method of operation and conversations had with the witness by representatives of appellant, concerning an entirely different filling station than the one operated by appellee. They were in no way connected with or related to the issues or questions being litigated between appellant and appellee, or to any business transactions had between them. Counsel for appellee have failed completely to answer this contention of appellant, or to cite any authorities in their brief in support of the admission of this evidence, by the trial court.

Counsel for appellee, in that portion of their brief devoted to argument say, "even if it be admitted that some rule as to competent evidence was violated, the records do not show any harm was done appellant by such evidence or that any unjust verdict was reached. The alleged incompetent evidence did not influence the verdict." With this contention of appellee we are unable to agree. This evidence was clearly incompetent and the court erred in permitting it to go to the jury for its consideration. *Illinois Surety Company* v. *Frankfort Heating Co.* (1912), 178 Ind. 208, 97 N. E. 158; *Evans* v. *Koons* (1894), 10 Ind. App. 603, 38 N. E. 350; *Durkin* v. *India Mutual Insurance Co.* (1893), 159 Mass. 514, 34 N. E. 1133; 2 Jones' Commentaries on Evidence (2nd Ed.), sec. 612, p. 1135; *J. B. Colt Co.* v. *Baker* (1928), 225 Ky. 526, 9 S. W. (2nd), 516; *Manse* v. *Hossington* (1912), 205 N. Y. 33, 98 N. E. 203. For this

error of the court this cause will have to be reversed.

This result makes it unnecessary to consider other alleged errors discussed in appellant's brief.

The judgment is reversed with instructions to the lower court to sustain appellant's motion for a new trial and for further proceedings not inconsistent with this opinion.