HESLER *v.* LOWE.

[No. 14,507.   Filed October 20, 1933.   Rehearing denied February 1, 1934.]

*Clarence O. Davisson* and *A. A. Small,* for appellant.
*Rocap & McShane,* for appellee.

SMITH, J.—Appellee brought this action against appellant for damages growing out of a collision between an automobile in which appellee was riding and the automobile of appellant at the intersection of a highway known as the Allisonville Road, running from Noblesville to Indianapolis, and 56th Street in Marion county, Indiana, extending east and west.

At the time of the collision, appellee was riding in an automobile driven by her husband, going west along 56th Street toward the intersection with the Allisonville Road; and appellant was operating his automobile in a southerly direction on the Allisonville Road, going toward Indianapolis.

The complaint was in one paragraph, to which appellant filed a motion to make more specific, a motion to strike out parts thereof, and a demurrer, each of which was overruled. Thereafter, appellant filed an answer in general denial which closed the issues. The case was submitted to the court and jury for trial, and a verdict rendered for appellee in the sum of $4,000.

Appellant filed his motion for a new trial, which was overruled by the court, and judgment rendered upon the verdict.

Appellee raises two questions: (1) That the brief does not comply with rule 25 of this court; (2) that the bill of exceptions containing the evidence, and the bill of exceptions containing the instructions are not in the record.

As to the first proposition, it is true that the brief is not a model, nor has there been strict compliance in the preparation of part of same. We think, however, there has been a compliance, sufficient at least to present the questions therein.

The question of whether the bills of exceptions containing the evidence and the instructions are in the

record is not well taken. What we say concerning the bill of exceptions containing the evidence is equally true as to the bill of exceptions on the instructions. In order to bring the evidence into the record by a bill of exceptions, such bill of exceptions must be filed, and either an order book entry made of the filing, or the certificate of the clerk must show such filing. In this case, the certificate of the clerk which was certified after the signing of the bill of exceptions by the judge provides: "That the within and foregoing is a full, true and complete transcript of the proceedings, papers on file and judgment in this case as the same appears of record on file in this office." We think that the certificate discloses that the bill of exceptions, which is a paper in the case, was on file in the clerk's office, and the clerk so certifies. It could not very well be on file without having been filed. We conclude that the certificate of the clerk is sufficient to show the filing of the bill of exceptions containing the evidence, and same is in the record.

The errors assigned by appellant and presented are: (1) Overruling of appellant's motion to make the complaint more specific; (2) overruling appellant's motion to strike out parts of the complaint; (3) error of the lower court in certifying the cause from the circuit court of Madison county; (4) overruling appellant's demurrer to complaint; (5) overruling appellant's motion for new trial; (9) the superior court of Madison county had no jurisdiction to render or pronounce the judgment appealed from.

The second error assigned presents no question because the motion does not set out the parts of the complaint sought to be stricken, as provided by the statute. 1 Burns Ann. St. 1926, section 424, §2-1069, Burns Ind. Stat. Ann. 1933, §461, Baldwin's Ind. Ann. Stat. 1934.

The motion to make the complaint more specific was properly overruled, for the complaint is sufficiently specific as to the matter set out in the motion.

This cause was originally filed in the Madison circuit court, and was later certified by the circuit court to the superior court of Madison county under §1377, Burns Ann. St. 1926. The record disclosed that the Madison Circuit Court made this order without setting out therein any reasons for making the transfer. Appellant took an exception to the order of the court in certifying said cause. The statute authorizing this transfer does not provide that the court shall assign any reason in the order for making the transfer. We do not believe that the statute contemplated that the circuit court should be required to set out any reasons for the transfer.

Appellant made no objection to the jurisdiction of the superior court of Madison county, and appeared, and filed answer after the overruling of the demurrer, and submitted to the jurisdiction of the court. He thereby waived the question of jurisdiction of the Superior Court of Madison County over the person of appellant.

Appellant complains of the overruling of his demurrer to appellee's complaint, and in the memoranda states that the complaint failed to show that appellant was guilty of any negligence proximately resulting in appellee's injuries, but that it contains allegations showing that the husband of appellee, driver of the car in which she was riding, was guilty of negligence which proximately resulted in her injuries. The complaint sufficiently charges acts of negligence on part of appellant which caused appellee's injury; and the proposition that the complaint shows the driver of the car in which appellee was riding to have been guilty of negligence which proximately caused appellee's

injuries is not well taken. Appellant also contends that the complaint shows that appellant was at the right of the car in which appellee was riding, and by law had the right of way. This is not always true, for it depends upon circumstances, such as the speed of the two cars, which reached the intersection first, whether each saw the other, and various other matters entering into this question. We think the complaint sufficiently states a cause of action.

The other matter urged in the memoranda against the complaint calls in question the jurisdiction of the superior court of Madison county, which has been discussed heretofore. Appellant also contends that the superior court of Madison county had no jurisdiction inasmuch as the cause was never filed in the superior court of Madison county, and that the Madison circuit court alone had jurisdiction of the cause. What we have said upon this question concerning jurisdiction disposes of the same.

This brings us to a consideration of the ruling on the motion for new trial which raises the questions that the verdict is contrary to law, and is not sustained by sufficient evidence; and error in the giving and refusing of certain instructions. The complaint charges that the appellant negligently operated his car at fifty miles an hour while approaching this intersection, and failed to have it under control; that appellee reached the intersection first, and appellant could have seen appellee in the intersection, but failed to keep a lookout, and to keep his car under control; that he failed to have due regard to the traffic, and width of the way, and negligently and carelessly struck appellee with his car when appellee was in the intersection. In considering the question of whether the verdict is sustained by sufficient evidence, and is contrary to law, the facts most favorable to appellee must be examined. There

was evidence tending to show that appellee was riding in an automobile driven by her husband, going west on 56th Street in the northern part of the city of Indianapolis; that appellant was operating his automobile in a southerly direction on what was known as the Allisonville Road running from Noblesville to Indianapolis; that the husband of appellee, who was driving the car in which she was riding, approached the Allisonville Road, and, when a few feet from the edge of this highway, brought his car to a momentary stop; that he looked, and saw three cars approaching from the north, 300 feet away, and then proceeded across the Allisonville Road; that appellee's car was struck by appellant when it was across the center of the Allisonville Road, and near the west side thereof. There was evidence by certain witnesses that appellant was driving from 50 to 75 miles per hour. These facts are disputed by appellant, but this court will not weigh the testimony and disturb the verdict of the jury where there is a conflict therein. There was testimony to sustain the allegations of the complaint, and hence the verdict is not contrary to law.

Many instructions were tendered by both sides, some of which were given; some instructions were given by the court upon its own motion; and some of the instructions tendered by appellant were modified, and given. Appellant has raised questions upon a number of these instructions which are all lengthy. We think no good purpose could be served by setting them out and discussing them separately at any length. Many of the instructions tendered by the appellant and refused were covered by other instructions given by the court. Upon the whole, the jury was fairly instructed upon the law of the case, and there is no reversible error in the refusal of any of the instructions tendered, or the

giving of any by the court. Having construed them as a whole, which we must do, we think the jury was fairly instructed and that there is no error in giving, refusing to give, or giving as modified any of these instructions.

Finding no reversible error, the judgment is affirmed.