CARLSON, ADMINISTRATOR *v*. KESLER ET AL.

[No. 14,958. Filed November 25, 1935. Rehearing denied February 20, 1936. Transfer denied April 27, 1937.]

*Arthur D. Saylor,* and *Howard Bishop,* for appellant.

*Otto H. Krieg, H. B. Spencer, E. O. King, Bowers, Feightner & Bowers, William D. Hamer, R. J. Shreck,* and *Charles Harding,* for appellees.

WOOD, J.—On March 22, 1929, the appellees Anthony Mango and Concetta Mango, his wife, executed their promissory note and a mortgage upon real estate in the city of Huntington, Indiana, to secure payment of said note to a trustee for St. Mary's Church of said city, for money borrowed from said church. On May 10, 1929, Anthony Mango and his wife by their deed conveyed the real estate upon which they had executed said mortgage to their co-oppellees Philip Mango and

Genevieve Mango, his wife, who as a part of the consideration for this conveyance assumed and agreed to pay said mortgage indebtedness. The note was due one year after date. On March 21, 1930, the amount of the principal of the note and interest due thereon was paid to the mortgagee by one Arthur D. Sayler in a representative capacity, and upon his request the note and mortgage were assigned without recourse on the mortgagee, to appellant's decedent William E. Koch. On April 19, 1930, William E. Koch, as such assignee, brought an action in the Huntington Circuit Court for the purpose of collecting said note and foreclosing the mortgage given to secure payment thereof, making the appellees some of whom he alleged, were asserting an interest in said real estate, adverse to his rights, parties defendant thereto. Two of the appellees claiming an interest in said real estate as designated trustee in a mortgage on the real estate, given to them by the appellees, Philip Mango and his wife to secure an issue of bonds, and other appellees claiming an interest in said real estate, as holders of mechanics' liens, filed against the real estate for material furnished and labor performed in the erection of a building thereon, instituted independent actions against appellant's decedent, and other designated defendants who are named as appellees herein, to foreclose their respective liens. These actions upon an order of the court were all consolidated under the action brought by appellant's decedent, for the forming of issues, trial and judgment. In the forming of issues between the various parties, numerous complaints, answers and replies thereto, together with cross-complaints, answers and replies thereto, many of which pleadings are voluminous, were filed. Since the appellant is the only party to the judgment of the lower court questioning its correctness and appealing therefrom, it is not necessary, for the purpose of this opin-

ion, that we set out herein, all the issues tendered by these various pleadings, so we confine ourselves to a general synopsis of the pleadings forming the issues upon which the cause was tried and determined between appellant and those of the appellees asserting an interest in the real estate and contesting the right of appellant's decedent, as alleged assignee of the note and mortgage on which he brought suit, to a judgment on the note and for foreclosure of the mortgage.

The complaint of William E. Koch was in the usual form of an action on a promissory note and foreclosure of a mortgage upon real estate given to secure its payment. Several of the appellees who were made parties defendant to this action as adverse holders of liens on the real estate in question, filed separate and several answers to this complaint, all of which were of the same general tenor and effect. Some of these answers consisted of five paragraphs, the first was a general denial, the second pleaded payment, the third alleged that William E. Koch was not the real party in interest in said action; that the note and mortgage sued upon were fully paid and satisfied before the bringing of the action; that the payment was not made by Koch or by any one in his behalf, but that said note and mortgage was paid by parties unknown to the answering defendant; that Koch was a mere interloper and volunteer and had no interest in the note and mortgage sued upon; the fourth alleged want of consideration and the fifth, which was verified, pleaded non-est-factum of the assignment of the note and mortgage to Koch. There was no motion filed to require these affirmative paragraphs of answer to be made more specific, nor were they questioned by demurrer for failure to state facts sufficient to constitute a cause of defense to appellant's action.

Appellant's decedent filed a reply in general denial to the second, third, and fourth paragraph of these several answers.

The record discloses that William E. Koch died during the progress of the proceedings in the lower court, and appellant as administrator of his estate was substituted in his stead.

On change of venue the cause was sent to the Superior Court of Grant County where it was tried.

At the request of the parties the court made a special finding of facts and stated its conclusions of law thereon, in accordance with which judgment was rendered against appellant. Within proper time appellant filed a motion for a new trial which was overruled, hence this appeal.

The only errors assigned for reversal requiring our consideration are, "(1) The court erred in overruling appellant's motion for a new trial; (2) The court erred in giving judgment against Anthony Mango, Concetta Mango, Philip Mango, Genevieve Mango, and each of them separately and severally, there being no service of summons or notice as to them or either of them, and there being no appearance by them or either of them."

Among the facts found by the court and pertinent to a determination of this cause are the following:

"That the mortgage notes and indebtedness given by Anthony Mango and Concetta Mango, his wife, on March 22, 1929, in the sum of twenty-eight thousand ($28,000.00) dollars and interest thereon in the sum of $340.00 given to St. Mary's Church, Huntington, Indiana, was on March 21, 1930, paid to Reverend R. E. Kelly, Pastor of said Church, by Arthur D. Sayler, in a representative capacity, and that at the request of said Arthur D. Sayler, the note was assigned by endorsement without recourse, by St. Mary's Church of Huntington, Indiana, by Reverend R. E. Kelly, Pastor, to William E. Koch, plaintiff herein. That at the same time a written instrument purporting to assign said mortgage to plaintiff, William E. Koch, was executed by the Right Reverend John F. Noll, Bishop of the Diocese of Fort Wayne, Indiana, Trustee,

and that said written instrument, purporting to be an assignment of said mortgage was recorded in Mortgage Record——— at page —— in the Recorder's Office of Huntington County, Indiana, on the—— day of ——— 19——.

"That the said William E. Koch paid no money or thing of value for the transfer of said note and mortgage to him; but that in fact William E. Koch was paid the sum of $100.00 for the use of his name as such assignee and apparent owner. That neither said note or notes nor said purported mortgage assignment was ever delivered to said William E. Koch, and the same was never in his possession and he never saw them before they were exhibited to him in court on the 12th day of May, 1932. That at no time has the said William E. Koch been the owner or holder of said notes and mortgage, nor is he now such owner or holder, and that he has no interest in the same. That the purported assignment to him was made without any consideration whatever. That at the time of said payment and purported assignment said notes and mortgages were then due and that the payment of said indebtedness (was made) to St. Mary's Church of Huntington, Indiana. That the payment thus made constituted a voluntary payment in full of all the indebtedness secured by said mortgage and that said mortgage debt was thereby exinguished and is now fully paid and satisfied and that a commissioner should be appointed to cancel and release the same where recorded, in the Recorder's Office of Huntington County, Indiana."

The gist of appellant's contention, as we interpret it is that the note in question was a negotiable instrument, Sec. 19-101 Burns 1933, §12818 Baldwin's 1934, deemed prima facie to have been issued for a valuable consideration and that every person whose signature appears thereon became a party thereto for value, Sec. 19-201 Burns 1933, §12841 Baldwin's 1934, that the indorsement on the note was a qualified indorsement, but that it did not qualify its negotiable character, Sec. 19-309 Burns 1933, §12855 Baldwin's 1934, and that the

holder of a negotiable instrument (in this instance Koch) may sue thereon in his own name and payment to him would discharge the instrument, Sec. 19-401 Burns 1933, §12868 Baldwin's 1934.

The sections of the statute above referred to are cited by appellant in his brief in support of his contention, and would be of controlling force if this was a controversy between parties to the note sued upon, but we do not think they are applicable to the issues tendered in the instant case. Here the appellees, answering the appellant's complaint, were not parties to the note and mortgage on which he brought suit, but they asserted liens upon the same real estate on which appellant's decedent claimed to hold a mortgage, as assignee thereof, superior to their liens. They challenged appellant's right to a recovery on his complaint by five separate paragraphs of answer, the purport of which is above set out, to which affirmative paragraphs of answer requiring same, the appellant replied in general denial. Thus the issues presented by the pleadings were clear and concise. Upon all these issues the trial court made an unequivocal and explicit finding of facts against appellant.

On appeal, only the evidence most favorable to the appellee will be considered in determining its sufficiency to sustain the finding of the trial court. *Hesler* v. *Lowe* (1924), 98 Ind. App. 168, 187 N. E. 213. Where the evidence is in conflict this court will not weigh the evidence, and if there is any evidence to support the finding, this court cannot disturb it, but is bound thereby, (*Brown* v. *Brown* (1933), 205 Ind. 664, 187 N. E. 836), and a special finding of facts will not be disturbed by a reviewing court if there is some evidence to support it. *Shedd* v. *Northern, etc., Co.* (1934), 206 Ind. 35, 188 N. E. 322. Furthermore, evidence is not to be considered in fragmentary parts, but all facts and

circumstances which the evidence tends to prove are to be considered together, and their probative force when so considered is determinative of the result which should be reached by the court or jury trying the case. It is not necessary that facts be proved by direct and positive evidence, the court or jury trying the cause may draw any reasonable inference from the evidence before it, and if any fact may be reasonably inferred from the facts and circumstances which the evidence tends to establish, it is sufficient on appeal to sustain the finding of the trial court. *Lincoln National etc., Co.* v. *Jensen* (1934), 99 Ind. App. 397, 189 N. E. 169; *Marion etc., Co.* v. *Kimberlin* (1932), 96 Ind. App. 145, 184 N. E. 574; *Brokaw* v. *Brokaw* (1933), 97 Ind. App. 607, 187 N. E. 697. Unless the record discloses that there is a complete lack of evidence on some essential element of the case to sustain the trial courts finding, this court will not disturb it on appeal. *Shell, etc., Co.* v. *Earnest* (1933), 97 Ind. App. 483, 187 N. E. 211.

Recognizing that the above rules of law are binding upon this court, and we must be guided by them in our deliberations, we have examined the evidence presented by the record before us, and while we find that it is conflicting, we do not find that there is a complete lack of evidence to support any of the essential elements of the special finding of facts made by the trial court. It cannot therefore, be disturbed by this court for insufficiency of evidence. It follows of necessity, that the decision was not contrary to law, and that the court did not commit error in overruling appellant's motion for a new trial.

Whether appellant's second assignment properly presents questions for review by this court, it is not necessary for us to decide, but assuming that it does, it is of no avail to appellant for the record discloses that on the 6th day of April, 1931, all the

defendants to appellant's action except Chicago Title and Trust Company filed with the court their agreement for the appointment of a receiver over the property in litigation. By this appearance the Mangos dispensed with the necessity for service of summons or notice upon them.

Finding no error the judgment is affirmed.

### ON PETITION FOR REHEARING

WOOD, J.—In his petition for rehearing appellant says this court is in error in stating in its opinion that appellant did not question the sufficiency of certain answers of appellee to state facts constituting a cause of defense to appellant's complaint by demurrer. This criticism is sustained by the record, for it does show that the appellant filed a demurrer to the third and fourth paragraphs of answers, a brief summary of which answers is set forth in our original opinion, and that said demurrers were overruled.

But the appellant is not harmed by this statement, for he did not assign the action of the trial court in overruling these demurrers as errors for reversal, neither did he assign any of the court's conclusions of law as errors for reversal, so if the trial court did err in its ruling on these demurrers, such errors have been waived by appellant. Certainly if this action of the trial court had been relied upon for reversal this oversight would not have occured.

Appellant complains because this court held that the Mangos appeared to the action and waived necessity of service of summons or notice upon them. This complaint is wholly unfounded. On April 10, 1935, the clerk of the Grant Superior Court filed his return to a writ of certiorari issued out of this court commanding him to prepare and certify to this court certain parts of the record omitted from the transcript in the first instance.

The record as supplemented shows that notice by publication was duly given to the Mangos in all the adversary proceedings involved in this litigation in which they were made parties defendant. In fact the record shows, that upon an affidavit of non-residence made by the attorney of record for the appellant in this case, a notice by publication was duly given to the Mangos of the pendency of this action in the lower court. So in fact there was no foundation whatever for appellant's second and third assignments of error in which he seeks to challenge the jurisdiction of the trial court, for the facts asserted therein are in direct conflict with the facts disclosed by the record.

Appellant's petition for rehearing is denied.